UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASI TALEA POHAHAU,

        Plaintiff,                CASE NUMBER: 11-11783
                                            Hon. Victoria. A. Roberts

v.

BUREAU OF IMMIGRATION and
CUSTOMS ENFORCEMENT,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT**

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 12). Plaintiff seeks to alter or amend the Court's Order of December 30, 2011, granting Defendant's motion to dismiss the case as moot (Doc. 10).

Plaintiff's motion is **DENIED.**

**II.  BACKGROUND**

Plaintiff is a citizen of Tonga, and a lawful permanent resident of the United States. He entered the country on May 5, 1977, at the age of five. He is now imprisoned at the Federal Correctional Institution at Milan, Michigan.

On April 22, 2011, Plaintiff filed a Petition for a Writ of Mandamus seeking to compel Defendant to process his Form N-600 Application for Certification of Citizenship.

1

Plaintiff submitted his Form N-600 application on August 4, 2008. The application indicated that the processing time in the Detroit District was nine months. After hearing nothing for two years, Plaintiff sent letters to the U.S. Citizenship and Immigration Services ("USCIS") office in Detroit in July and October 2010 to inquire about the status of his application. He did not receive a response. Plaintiff's Mandamus petition sought only to compel USCIS to process his application.

On December 7, 2011, Defendant filed a motion to dismiss the case as moot. Defendant attached two decision letters dated December 14, 2010, and December 17, 2010, addressed to Plaintiff at FCI Milan, notifying him that he was statutorily ineligible for the relief requested.

On December 16, 2011, Plaintiff responded, arguing that the case was not moot. He raised due process claims for the first time. He says he never received the decision letters, which were sent and returned to sender before Plaintiff filed his Petition for Writ of Mandamus. As a result, Plaintiff says he was denied his due process right to appeal the decision because the time to do so had passed.

On December 30, 2011, the Court dismissed the case as moot, finding that there was no case or controversy since Plaintiff's application had actually been adjudicated before he filed this lawsuit.

III.   ANALYSIS

A motion to alter or amend a judgment under Rule 59(e) will only be granted if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *Nagle Indus., Inc. v. Ford Motor*

*Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997). Rule 59(e) motions are not intended as a vehicle to relitigate issues already considered. *Id.*

Plaintiff says the Court must grant his motion to prevent manifest injustice. He says that USCIS did not properly notify him of the denial of his Form N-600 application, causing him to miss the deadline to appeal.

This is the exact same argument Plaintiff made in his response to Defendant's motion to dismiss. The Court already considered that argument when it ruled upon Defendant's motion. Plaintiff cannot use a Rule 59(e) motion to relitigate an issue already decided. Plaintiff's petition for mandamus asked the Court to compel USCIS to adjudicate his Form N-600 application. USCIS actually adjudicated the application before this lawsuit was initiated. Therefore, the case was properly dismissed as moot.

The Court's decision does not amount to a manifest injustice. USCIS mailed its decision letters to the exact address Plaintiff provided in his application. *See* Doc. 8, Exs. A, B, C. Plaintiff is at fault for providing USCIS with an incorrect address. In addition, Defendant notes that if Plaintiff has a legitimate basis to challenge the denial of his N-600 Application, his untimely appeal can be treated as a motion to reopen or a motion for reconsideration. *See* 8 C.F.R. § 103.3(a)(2)(v)(B).

### IV.  CONCLUSION

The Court's Order of December 30, 2011, dismissing the case as moot was correctly decided and does not result in manifest injustice. Accordingly, Plaintiff's Motion to Alter or Amend the Judgment is **DENIED**.

**IT IS ORDERED.**

        /s/ Victoria A. Roberts  
        Victoria A. Roberts  
        United States District Judge

Dated: March 19, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Kasi Talea Pohahau, #867770911, FCI Milan, P.O. Box 1000, Milan, MI 48160 by electronic means or U.S. Mail on March 19, 2012.

S/Linda Vertriest  
Deputy Clerk

---